## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOME BUILDERS ASSOCIATION | ) | Case No.  09-44080 |
| OF GREATER CHICAGO | ) | |
|    (Tin: 23-7260523) | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Hearing Date:  February 24, 2010 |
| | ) | Hearing Time: 10:00 a.m. |

**NOTICE OF DEBTOR'S MOTION TO CONDITIONALLY APPROVE
DISCLOSURE STATEMENT, TO SCHEDULE HEARING ON
CONFIRMATION OF PLAN TO APPROVE NOTICE PROCEDURES,
AND TO ESTABLISH PROCEDURES FOR BALLOTING**

**To:** **Parties on Attached Service List:**

PLEASE TAKE NOTICE, that on Wednesday, February 24, 2010, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned intends to appear before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, in Courtroom 642 of the Everett McKinley Dirksen Federal Building, which is located at 219 S. Dearborn Street, Chicago, Illinois, 60604, and at that time and place, intends to present the attached Debtor's Motion To Conditionally Approve Disclosure Statement, To Schedule Hearing On Confirmation Of Plan, To Approve Notice Procedures, and To Establish Procedures For Balloting.

Respectfully submitted,

HOME BUILDERS ASSOCIATION OF
GREATER CHICAGO

By:  /s/  William J. Factor
          One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
   **WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
      slorber@wfactorlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, William J. Factor, an attorney, hereby certify that, on February 17, 2010, pursuant to

Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case

Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and

Debtor's Motion To Conditionally Approve Disclosure Statement, To Schedule Hearing On

Confirmation Of Plan, To Approve Notice Procedures, and To Establish Procedures For

Balloting to be served (1) electronically through the Court's Electronic Notice for Registrants on

all persons identified as Registrants on the appended Service List, and (2) by U.S. Mail, through

a third-party authorized notice provided (BK Attorney Services, LLC), to those other parties

identified on the attached Service List.


/s/ William J. Factor

## SERVICE LIST

**Registrants in the Case**
**(Service through ECF)**

William T. Neary                    USTPRegion11.ES.ECF@usdoj.gov

Susan J. Notarius                   snotarius@kandpllc.com, jmccomb@kandpllc.com

**Twenty Largest Unsecured Creditors**
**(Service by U.S. Mail)**

Village of Addison
1 One Friendship Plaza
Addison, Illinois 60101-2787

Tracy Hill
145 Adare Drive
Cary, Illinois 60013-1695

Donald E. Stephens Convention Center
5555 N. River Road
Des Plaines, Illinois 60018

Brian Keith Advertising
Attn: Gary Davis
1211 W. 22nd Street, # 610
Oak Brook, Illinois 60523

Marriott Hotels and Resorts Schaumburg
Convention Center
1551 North Thoreau Drive
Schaumburg, Illinois 60173

Marvin Windows and Doors
Attn: Dominique Cook
2020 Silver Bell Road, Suite 15
Eagan, Minnesota 55122

Awards International
119 N. Northwest Highway
Palatine, Illinois 60067
Stock Building Supply

Attn: Mike Rauchak
1331 Davis Road
Elgin, Illinois 60123

Chicago Tribune
435 N. Michigan Avenue
Chicago, Illinois 60611

James Hardie Building Products
Attn: Nicole Banda
26300 La Alameda
Mission Viejo, California 92691

Anderson Windows Inc.
Attn: Joe Simons
1700 Downs Drive
West Chicago, Illinois 60185

Drury Lane
100 Drury Lane
Oakbrook Terrace, Illinois 60181

Strategy Planning Associates, Inc
Attn: Steve Hovany
1100 E. Woodfield Road, # 108
Schaumburg, Illinois 60173

The Mallard Press, Inc.
335 Eisenhower Lane South
Lombard, Illinois 60148

Lakeland Building Supply
Attn: Gregory Olesiak
PO Box 450
1600 Delany Road
Gurnee, Illinois 60031-0450

Verizon Wireless
12 Barharbor Court
Lake in the Hills, Illinois 60156

LP Building Products
Attn: Wayne Bialka
20215 S. Rosewood Drive
Frankfort, Illinois 60423

Moen, Inc.
Attn: Chris Wulf
310 Cardiff Drive
Algonquin, Illinois 60102

Riegsecker Cabinet Company
100 S VanBuren Drive
Shipshewana, IN 46565
Attn: Dana Martin

Leviton MFG CO, Inc
59-25 Little Neck Parkway
Little Neck, NY 11362
Attn: Charlotte Nash

Amcore Bank
c/o Susan Notarius
Kluever & Platt
65 East Wacker Place,
Suite 2300
Chicago, Illinois  60601

Crystal Lake Bank
70 N. Williams
Crystal Lake, IL 60014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOME BUILDERS ASSOCIATION | ) | Case No.  09-44080 |
|    OF GREATER CHICAGO | ) | |
|    (Tin: 23-7260523) | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Hearing Date: February 24, 2010 |
| | ) | Hearing Time: 10:00 a.m. |

**DEBTOR'S MOTION TO CONDITIONALLY APPROVE
DISCLOSURE STATEMENT, TO SCHEDULE HEARING ON
CONFIRMATION OF PLAN, TO APPROVE NOTICE PROCEDURES,
AND TO ESTABLISH PROCEDURES FOR BALLOTING**

The Home Builders Association of Greater Chicago ("HBAGC" or "Debtor"), as debtor and

debtor in possession in the captioned proceeding, respectfully requests that the Court enter an Order in

the form of that appended hereto that (a) conditionally approves the Disclosure Statement appended

hereto as Exhibit 1, (b) schedules a hearing to consider final approval of the Disclosure Statement and

confirmation of the Plan, (c) establishes procedures for soliciting votes on the Plan, and (d) fixes other

dates and processes relevant to the confirmation of the Plan.  In support of such relief, HBAGC states

as follows.

## INTRODUCTION

1.     By this Motion, HBAGC seeks to commence the process of confirming its

reorganization plan and emerging from bankruptcy.  The Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28

U.S.C. § 157 (b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are Sections 105, 502, 1125 and

1126 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rules 2002, and

3003, 3017, 3018, 3020 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Local Rules 3017-1, 3018-1 and 9077-1 of the Bankruptcy Court for the Northern District

of Illinois (the "Local Rules").

## THE COURT SHOULD APPROVE THE DISCLOSURE STATEMENT

3.      Section 1125(f) of the Bankruptcy Code specifies the procedures for approving a

disclosure statement in a small business case like this one.  In pertinent part, it provides that:

(f) Notwithstanding subsection (b), in a small business case—

(1) the court may determine that the plan itself provides adequate
information and that a separate disclosure statement is not necessary;

(2) the court may approve a disclosure statement submitted on
standard forms approved by the court or adopted under section 2075 of
title 28; and

(3)(A) the court may conditionally approve a disclosure statement
subject to final approval after notice and a hearing;

(B) acceptances and rejections of a plan may be solicited based
on a conditionally approved disclosure statement if the debtor provides
adequate information to each holder of a claim or interest that is
solicited, but a conditionally approved disclosure statement shall be
mailed not later than 25 days before the date of the hearing on
confirmation of the plan; and

(C) the hearing on the disclosure statement may be combined
with the hearing on confirmation of a plan.

4.      Thus, under Section 1125(f), a small business debtor can obtain conditional approval for

a disclosure statement to enable the debtor to combine the hearing on the confirmation of a plan with

the hearing to approve the disclosure statement.

5.      Accordingly, the Debtor requests that the Court conditionally approve the Disclosure

Statement as containing adequate information within the meaning of Section 1125 of the Bankruptcy

2

Code for purposes of permitting the Debtor to commence soliciting acceptances and rejections of the Plan according to the schedule set forth herein.[1]  Not only does the Disclosure Statement contain adequate information about the Debtor and its reorganization, but, as set forth in Section 1125(f)(2), the Disclosure Statement is based upon Official Form B25B.

6.    The Debtor also request that the Court grant final approval of the Disclosure Statement at the Combined Hearing (as defined below) and determine that it provides adequate information within the meaning of Section 1125 of the Bankruptcy Code.

## SOLICITATION PROCEDURES

7.    Provided the Court conditionally approves the Disclosure Statement, the Debtor proposes to transmit solicitation packages by first class mail by March 1, 2010 (the "Solicitation Date"), to all parties in interest, including all holders of equity interests, all persons who have filed proofs of claim in the case, all persons who have requested special notice in the case pursuant to Rule 2002 of the Bankruptcy Rules, the Internal Revenue Service, the Illinois Department of Revenue, all persons or entities listed in the Debtor's schedules, and all other known creditors of the Debtor.

8.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtor anticipates commencing the solicitation period on or before March 1, 2010.

---

1 Section 1125 of the Bankruptcy Code also defines "adequate information," as information of a type "as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records," to enable parties in interest, who are typical of the parties to be solicited in connection with the plan, to "make an informed judgment about the plan."  11 U.S.C. § 1125(a)(1).

Based on this schedule, the Debtor propose that in order to be counted as a vote to accept or reject the

Plan, a ballot must be properly executed, completed and delivered so that such Ballot is received no

later than 5:00 p.m. on March 25, 2010 (the "Voting Deadline"), at the following address:

> William J. Factor
> The Law Office of William J. Factor, Ltd.
> 1363 Shermer Road, Suite 224
> Northbrook, IL  60062
> (wfactor@wfactorlaw.com)
> 847-574-8233 (f)

9.      The Voting Deadline is at least 25 days after the proposed commencement of the

solicitation period and thus complies with Bankruptcy Rule 2002(b) and Section 1125(f)(3)(B). This

solicitation period should be a sufficient period within which creditors can make an informed decision

to accept or reject the Plan.

## OBJECTION DEADLINES

10.      Bankruptcy Rules 3017(a) and 3020(b) provide that objections to the approval of a

disclosure statement and confirmation of a proposed plan, respectively, must be filed with the

Bankruptcy Court and served on the debtor, the trustee, any committee appointed under the

Bankruptcy Code and on any other entity specified by the Bankruptcy Court, within a time fixed by the

Bankruptcy Court.

11.      To comply with the solicitation schedule described herein, and to permit parties in

interest and the Debtor adequate time to respond to objections prior to the Combined Hearing, the

Debtor proposes that a date be fixed by the Court as the last date for filing and serving

written objections ("Objections") to final approval of the Disclosure Statement and confirmation of the

Plan and any responses thereto ("Objection Responses").

4

12.     Specifically, the Debtor proposes that Objections be due on or before March 25, 2010,

with any Objection Responses due on March 29, 2010.

**THE HEARING TO CONSIDER CONFIRMATION
OF THE PLAN AND APPROVAL OF THE DISCLOSURE STATEMENT**

13.     Finally, the Debtor respectfully requests that the Court conduct a Confirmation Hearing

on the Plan as promptly as possible after March 29, 2010, as the Court's schedule will permit.

WHEREFORE, for all of the foregoing reasons, HBAGC, Inc., respectfully requests that the

Court enter an Order in the form of that appended hereto that (a) conditionally approves the Disclosure

Statement appended hereto as Exhibit 1, (b) schedules a hearing to consider final approval of the

Disclosure Statement and confirmation of the Plan, (c) establishes procedures for soliciting votes on

the Plan, and (d) fixes other dates and processes relevant to the confirmation of the Plan.

Respectfully Submitted,

Home Builders Association
of Greater Chicago

By: /s/ William J. Factor
One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        slorber@wfactorlaw.com
***Counsel for Home Builders Association of Greater Chicago,
    Debtor and Debtor-in-Possession***

5