**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOME BUILDERS ASSOCIATION | ) | Case No.  09-44080 |
| OF GREATER CHICAGO | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtor. | ) | |
| | ) | Hearing Date: February 16, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**NOTICE OF REORGANIZED DEBTOR'S MOTION FOR
<u>ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASE</u>**

**PLEASE TAKE NOTICE** that on February 1, 2011, Reorganized Home Builders Association of Greater Chicago (the "*Reorganized HBAGC*") filed the attached Motion for Entry of a Final Decree Under 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022 Closing Chapter 11 Case (the "*Motion*").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **February 16, 2011 at 10:30 a.m.** before the Honorable Susan Pierson Sonderby, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any other Judge who may be sitting in her place and stead, in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 642 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, at which time and place you may appear if you so desire.

Dated: February 1, 2011

HOME BUILDERS ASSOCIATION OF
GREATER CHICAGO, Reorganized Debtor

By:  /s/  Sara E. Lorber
    One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
        slorber@wfactorlaw.com

1

<u>**CERTIFICATE OF SERVICE**</u>

I, Sara E. Lorber, an attorney, hereby certify that, on February 1, 2011, pursuant to

Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case

Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and

*Motion for Entry of a Final Decree Under 11 U.S.C. § 350 and Federal Rule of Bankruptcy*

*Procedure 3022 Closing Chapter 11 Case* to be served (1) electronically through the Court's

Electronic Notice for Registrants on all persons identified as Registrants on the appended Service

List, and (2) by U.S. Mail to those other parties identified on the attached Service List.


/s/ Sara E. Lorber

## SERVICE LIST

**Registrants in the Case**
**(Service through ECF)**

Patrick S Layng                    USTPRegion11.ES.ECF@usdoj.gov

Susan J. Notarius           snotarius@kandpllc.com, jmccomb@kandpllc.com


**Twenty Largest Unsecured Creditors**
**(Service by U.S. Mail)**

Village of Addison
1 One Friendship Plaza
Addison, Illinois 60101-2787

Tracy Hill
145 Adare Drive
Cary, Illinois 60013-1695

Donald E. Stephens Convention Center
5555 N. River Road
Des Plaines, Illinois 60018

Brian Keith Advertising
Attn: Gary Davis
1211 W. 22nd Street, # 610
Oak Brook, Illinois 60523

Marriott Hotels and Resorts Schaumburg
Convention Center
1551 North Thoreau Drive
Schaumburg, Illinois 60173

Marvin Windows and Doors
Attn: Dominique Cook
2020 Silver Bell Road, Suite 15
Eagan, Minnesota 55122

Awards International
119 N. Northwest Highway
Palatine, Illinois 60067

Stock Building Supply
Attn: Mike Rauchak
1331 Davis Road
Elgin, Illinois 60123

Chicago Tribune
435 N. Michigan Avenue
Chicago, Illinois 60611

James Hardie Building Products
Attn: Nicole Banda
26300 La Alameda
Mission Viejo, California 92691

Anderson Windows Inc.
Attn: Joe Simons
1700 Downs Drive
West Chicago, Illinois 60185

Drury Lane
100 Drury Lane
Oakbrook Terrace, Illinois 60181

Strategy Planning Associates, Inc
Attn: Steve Hovany
1100 E. Woodfield Road, # 108
Schaumburg, Illinois 60173

The Mallard Press, Inc.
335 Eisenhower Lane South
Lombard, Illinois 60148

3

Lakeland Building Supply
Attn: Gregory Olesiak
PO Box 450
1600 Delany Road
Gurnee, Illinois 60031-0450

Verizon Wireless
12 Barharbor Court
Lake in the Hills, Illinois 60156

LP Building Products
Attn: Wayne Bialka
20215 S. Rosewood Drive
Frankfort, Illinois 60423

Moen, Inc.
Attn: Chris Wulf
310 Cardiff Drive
Algonquin, Illinois 60102

Riegsecker Cabinet Company
Attn: Dana Martin
100 S VanBuren Drive
Shipshewana, IN 46565

Leviton MFG CO, Inc
Attn: Charlotte Nash
59-25 Little Neck Parkway
Little Neck, NY 11362

Amcore Bank
c/o Susan Notarius
Kluever & Platt
65 East Wacker Place, Suite 2300
Chicago, Illinois  60601

Crystal Lake Bank
70 N. Williams
Crystal Lake, IL 60014

Schluter Systems LP
Attn: Elizabeth Hatch
194 Pleasant Ridge Road
Plattsburgh, NY 12901-5841

Sherwin Williams
11350 Alameda Drive
Strongsville, OH 44149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOME BUILDERS ASSOCIATION OF | ) | Case No.  09-44080 |
| GREATER CHICAGO | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtor. | ) | |
| | ) | Hearing Date: February 16, 2011 |
| | ) | Hearing Time: 10:30 a.m. |

**MOTION FOR ENTRY OF A FINAL DECREE UNDER**
**11 U.S.C. § 350 AND FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 3022 CLOSING CHAPTER 11 CASE**

Reorganized Home Builders Association of Greater Chicago ("*Reorganized HBAGC*") hereby moves the Court pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022 for entry of a final decree, substantially in the form submitted herewith, closing the above captioned Chapter 11 case.  In support of this motion, Reorganized HBAGC respectfully states as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article 11 of the Plan (defined herein).  Venue of the Case and this motion is proper in the district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2.      The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 350 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "*Bankruptcy Code*") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

**BACKGROUND**

3.        On November 20, 2009 (the "*Petition Date*"), Home Builders Association of

Greater Chicago (the "*Debtor*") filed a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code, thereby initiating this small business case (the "*Case*").

7.        During the Case, the Debtor managed its assets as a debtor in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.        No committee or trustee was appointed in the Case.

9.        On January 12, 2010, the Court entered an order establishing (a) March 1,

2010 as the last date by which entities other than governmental units could file proofs of

claim against the Debtor and (b) May 21, 2010 as the last date by which governmental units

could file proofs of claim.  *See* Dkt. No. 21.  Thirty-three proofs of claim were filed against

the Debtor's estate.

**The Plan**

4.        On February 17, 2010, the Debtor filed its Plan of Reorganization (the "*Plan*")

and Disclosure Statement.  *See* Dkt. No. 25.  On February 24, 2010, the Court conditionally

approved the Disclosure Statement.  *See* Dkt. No. 29.

5.        The Disclosure Statement was finally approved and the Plan was confirmed on

April 19, 2010.  *See* Dkt. No. 57.  The Effective Date of the Plan was May 5, 2010.  The

Confirmation Order and Plan are attached hereto as **Exhibit A**.

6.        Pursuant to the Plan, the deadline for filing administrative claims was May 21,

2010.  Plan at § 2.3.  No administrative claims were filed other than by the Debtor's counsel.

7.        Pursuant to the Plan, Class 2 and Class 3 Unsecured Claims (*i.e.*, Unsecured

Claims other than Convenience Class Claims) are to be paid over a five-year period unless paid

2

in full prior to expiration of the five years. *Id*. at §§ 42 and 5.3.[1]

8.      Specifically, Reorganized HBAGC was required to make an initial contribution to the Creditor Trust within 30 days after the Effective Date (the "*Initial Contribution*"). Thereafter, on the 31st of each January for years 2011 through 2015, Reorganized HBAGC was and is required to deposit its Annual Net Income into the Creditor Trust unless all Allowed Unsecured Claims have been paid in full (the "*Annual Contributions*").   On the 15th of each February for years 2011 through 2015, Reorganized HBAGC is required to distribute the funds in the Creditor Trust to claimants holding Allowed Unsecured Claims (the "*Annual Distributions*").  *Id*. at § 5.3.

9.      Convenience Class Claims were required to be paid on the Effective Date of the Plan. *Id*. at § 4.2(c).

## Post Confirmation Activity and Implementation of the Plan

10.     Following confirmation the Plan, Reorganized HBAGC has undertaken the following steps in furtherance of, and to implement, the Plan:

a.      Conducted a review of the proofs of claim that have been filed and the Debtor's books and records, and determined that no claim objections were necessary or appropriate;

b.      Paid the Convenience Class Claims; and

c.      Made the Initial Contribution to the Creditor Trust in the amount of $1,300.

11.     Reorganized HBAGC did not have Annual Net Income in 2010, so there was no deposit to the Creditor Trust on January 31, 2010.

---

[1] All capitalized terms not defined herein shall have the meaning ascribed thereto in the Plan.

3

12.     All administrative claims have been satisfied and there were no priority claims asserted.

13.     By the time this motion is presented to the Court on February 17, 2011, Reorganized HBAGC will have made the initial distribution to holders of Class 2 and Class 3 Claims.

14.     As a result of the foregoing, at this point in time, the only matters left to fully implement the Plan are the Annual Contributions and Annual Distributions for years 2012 through 2015, assuming Class 2 and Class 3 Claims are not paid in full prior to 2015.

15.     Reorganized HBAGC is current on all quarterly fees due to the United States Trustee.

## REQUEST FOR RELIEF

16.     Bankruptcy Code § 350(a) provides that the Court shall close a case after the estate is fully administered and the Court has discharged the trustee.  Bankruptcy Code § 105 further provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title."

13.     Bankruptcy Rule 3022, which provides the procedural guidelines for closing a chapter 11 case, provides that "[a]fter an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

14.     The Bankruptcy Code does not define "fully administered" and thus courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered."  *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002).  *See also In re Mold Makers, Inc.*,

4

124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

15.     The factors set forth in the Advisory Note to Bankruptcy Rule 3022 include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

17.     Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id*.

18.     Further, a case should not be kept open solely because all of the payments required by a plan have not been completed.  *See* Bankruptcy Rule 3022, Advisory Note ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."); *In re JMP-Newcor International, Inc*., 225 B.R. 462, 465 (N.D. Ill. 1998) (entering final decree where the "only matters remaining are certain disbursements to be made under the plan and an adversary proceeding "); *In re Pacor*, 1995 U.S. Dist. LEXIS 8106 (E.D. Pa. June 13, 1995) (affirming bankruptcy court's order entering final decree even though distributions from the Pacor Settlement Trust not completed).

19.     In light of the foregoing authority, Reorganized HBAGC submits that the Case has been fully administered and that it is now appropriate to enter a final decree closing the Case

for the following reasons:

a.      The Plan was confirmed, no appeals were filed and the order confirming

the Plan became final in May 2010.  *See* Fed. R. Bankr. P. 8002(a);

b.      All motions and contested matters have been resolved, and the Debtor has

concluded all administrative matters pertaining to the Debtor's estate;

c.      All claims other than Class 2 and Class 3 Claims have been satisfied, and

distributions to Class 2 and Class 3 Claims have commenced; and

d.      There is no need in the Case for further supervision by the Court, and in

the unlikely event that an issue should arise regarding the Annual Contributions and Annual

Distributions, the Court retains jurisdiction under the Plan to resolve such matters.  *See* Plan at

Article 11.

20.      As with the debtor in *Mold Makers* case, "[i]t is time for the Debtor to get on

with its business and leave the shadows of the Court."  124 B.R. at 769.

## NOTICE

21.      Notice of this motion has been provided to: (i) the Debtor's 20 largest unsecured

creditors, (ii) those parties who have filed appearances or requested notices in the Case; (iii) the

United States Trustee and (iv) the entities that had asserted liens on the Debtor's real estate

("*Notice*").

22.      Reorganized HBAGC submits that, under the circumstances, such Notice is

adequate and that no other or further notice is required.

WHEREFORE, for the reasons set forth herein, Reorganized HBAGC respectfully

requests that the Court enter an order, substantially in the form submitted herewith, (a) entering

and final decree and closing the Case and (b) granting such other and further relief as is just and

proper.

Dated: February 1, 2011                           Respectfully submitted,

                                                  REORGANIZED HOME BUILDERS
                                                  ASSOCIATION OF GREATER CHICAGO

                                                  By:  /s/  Sara E. Lorber
                                                       One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
1363 Shermer Road, Suite 224
Northbrook, IL  60062
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        slorber@wfactorlaw.com